UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JEFFREY BURNETT, | ) | CASE NO. 1:05 CV 2929 |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| BRIAN CAIN, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

On December 20, 2005, plaintiff pro se Jeffrey Burnett filed this action against Richland Correctional Institution ("RCI") Medical Supervisor Brian Cain and Institutional Inspector Kelly Rose. In the complaint, plaintiff contends he fell in the prison shower and sustained injuries. He further claims he was held in 23 hour per day lock down upon his arrival at RCI. He seeks $400,000.00 in compensatory and punitive damages.

**Background**

Mr. Burnett states that he is legally blind. Upon arrival at RCI, he was assigned to a cell in the infirmary under 23 hour per day lock down status. He indicates that the location of the restrooms and showers were not made known to him. He contends he was not given any handicap devices or guide to assist him.

On September 11, 2005, Mr. Burnett became dizzy while taking a shower. He claims he grabbed the bar inside the shower to steady himself but the bar broke away from the wall. He then fell backward striking his head, shoulders and back against the floor and losing consciousness. He indicates an inmate porter discovered him and summoned two nurses. He was taken to a local hospital where he was treated for his injuries.

Upon his release from the hospital, Mr. Burnett was transferred from the infirmary into a general population cell. He was given an inmate guide to assist him with maneuvering around the institution. The shower bar has been repaired and the prison inspects the bars each week to determine that they are in good condition.

### Analysis

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in

his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. Grievances against the Warden and Institutional Inspector must be filed directly to the Office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(L). The decision of the Chief Inspector or designee is final. OHIO ADMIN. CODE § 5120-9-31(L).

Mr. Burnett has not demonstrated that he has exhausted his administrative remedies for each claim against each defendant. He attaches a copy of the Institutional Inspector's Disposition of Grievance and the Decision of the Chief Inspector pertaining to his claims against Mr. Cain for his housing in the infirmary and his fall in the shower. While it appears that he completed the grievance process for his claims against Mr. Cain, there is no indication that he submitted grievances and exhausted his administrative remedies for his claims against the Institutional Inspector. Those claims must be exhausted separately and must concern the conduct of the

Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(L).

The United States Sixth Circuit Court of Appeals adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule, if any claim in the complaint has not been exhausted, the entire complaint must be dismissed for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id. A prisoner whose "mixed" complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims. Id. at 808. Because Mr. Burnett has not demonstrated that he filed grievances for each claim against each defendant, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety without prejudice.

Moreover, even if Mr. Burnett had exhausted his administrative remedies, his complaint, as written, would be subject to dismissal. The pleading consists entirely of narrative and a prayer for relief. It does not contain any indication of the legal claims which Mr. Burnett seeks to assert. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro

se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. The complaint, as written, does not sufficiently state the federal claim or claims upon which plaintiff intends to base his action.

### Conclusion

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: March 9, 2006

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.